### ELLA McCRACKEN v. BERNHARD KUHN ET AL.

1. *Married Woman's Right under Sale of her Husband's Lands by the Assignee in Voluntary Bankruptcy.*—The sale of a bankrupt's lands by an assignee in voluntary bankruptcy is a judicial sale within the meaning of the act of March 11, 1875, and the wife's inchoate interest becomes vested at once.

2. *Partition in such Case—Demand.*—The wife in such case may bring an action for partition without first making a demand upon the purchaser of the lands at such sale.

Filed May 14, 1881.

Appeal from Knox Circuit Court.

J. C. Denny and H. Burns, for appellant, cited *Stevens* v. *Hauser*, 39 N. Y. —; Bump on Bankr. (7 ed.), p. 151; Rorer on Judicial Sales, 70, to the effect that bankrupt sales are judicial sales. *Bradfield* v. *McCormick*, 3 Blackf. 161; *Faukboner* v. *Faukboner*, 20 Ind. 62; *Mercer* v. *Patterson*, 41 Ind. 440, as to commencing action without demand.

W. H. DeWolf and S. N. Chambers, for appellees, cited *In re Dunkerson*, 4 Biss. 227, to the effect that the assignee has the same title that the bankrupt had before the adjudication; *Farmer* v. *Taylor*, 56 Ga. 556, as to how far State exemption laws are adopted by the bankrupt act; *Houston* v. *Moore*, 5 Wheat. 1; *Gibbons* v. *Ogden*, 9

Wheat, 1; *Forranan* v. *Robinson*, 7 Ind. 321, as to supremacy of United States laws.

Opinion of the court by Mr. Chief Justice Niblack.

This was an action for partition. At the request of the plaintiff, the court which tried the cause made a special finding of the facts established by the evidence, which may be briefly stated as follows:

That, on the 13th day of May, 1876, one Robert McCracken was the owner in fee simple, and in possession, of the land described in the complaint; that, at that time, Ella McCracken, the plaintiff, was the wife of the said Robert, and has ever since continued so to be; that, on the said 13th day of May, 1876, the said Robert filed his voluntary petition in bankruptcy in the District Court of the United States for the District of Indiana, and was, on that day, upon such petitition, adjudged by said district court to be a bankrupt; that, on the 16th day of December, 1876, John W. Ray, as register in bankruptcy, and in pursuance of the provisions of the bankrupt act, executed to William H. H. Beeson, the assignee in bankruptcy of the said Robert, a deed of conveyance, conveying to the said Beeson, as such assignee, all the interest and estate of the said Robert in and to the land of which partition was demanded; that afterwards, on the 4th day of September, 1877, Bernhard Kuhn and Hiram A. Foulks, the defendants, having in the meantime become the purchasers thereof, said land, by order of said district court, sitting in bankruptcy, was conveyed by the said Beeson, as such assignee, to the said Kuhn and Foulks; that the plaintiff made no proof of any demand upon the defendants for partition of the land in controversy before the commencement of this action.

Upon the facts thus found the court came to conclusions of law as follows:

*First.* That the sale and conveyance of the land in suit by Beeson, as such assignee, to the defendants, as above stated, was not a judicial sale within the meaning of the act of March 11, 1875, concerning certain inchoate interests of married women.

*Second.* That the provisions of that act apply only to sales made under some judgment or decree rendered under the authority of the laws of this State.

*Third.* That before an action for partition can be maintained by a married woman under the act of March 11, 1875, *supra*, a demand must have been made by her upon the owner or owners of her husband's late interest in the land which had been sold at a judicial sale. The court, therefore, held that upon the facts as found by it the plaintiff was not entitled to have partition of the land in dispute, and over her exceptions to the several conclusions of law set out as above, rendered judgment for the defendants.

According to the doctrine of the very carefully considered case of *Roberts* v. *Shroyer*, 68 Ind. 64, which has been decided since this cause was tried, the conveyance from Ray, as register, to Beeson, as assignee in bankruptcy, was a judicial sale within the meaning of the act of March 11, 1875, and the inchoate interest of Mrs. McCracken became a vested interest as soon as that conveyance was made.

The question as to whether a demand for partition was necessary before the commencement of this suit is one, perhaps, not entirely free from difficulty, but we have reached the conclusion that such a demand was not necessary.

The first section of the act of March 11, 1875, provides "that when such inchoate right shall become vested, under the provisions of this act, such wife shall have the right to immediate possession thereof, and may have partition upon agreement with the purchaser, his heirs, or assigns, or upon demand, without the payment of rent, have the same set off to her."—Acts 1875, 178.

The proper construction of this provision appears to us to be that when the wife shall be unable to obtain partition by agreement with the owner of the lands in which her inchoate interest has become so vested, she may demand to have her interest set off to her by the institution of compulsory proceedings for that purpose, thus recognizing her right to immediate partition as well as to immediate possession.

No previous demand has ever been held to be necessary for the maintenance of an ordinary action for partition, and we are unable to see any reason for believing that the Legislature intended to establish a different rule in cases like this.

The general law for the partition of lands, R. S. 1876, vol. 2, 343, secs. 9 and 18, refers in an incidental way to a demand for par-

tition as the equivalent of an action for partition, and it is in that sense we think the word "demand" is used in the provision of the act of March 11, 1875, above quoted.

We are therefore of the opinion that the court below erred in its conclusion that the plaintiff was not entitled to have partition upon the facts as found by it. *Wasson* v. *Crane*, at the present term.

The judgment is reversed with costs, and the cause remanded for further proceedings in accordance with this opinion.